[Cite as *State v. Preston*, 2013-Ohio-4404.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

ATRAVION PRESTON


       Defendant-Appellant


Appellate Case No.    25393

Trial Court Case No.   2011-CR-3212/2

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, Atravion Preston, appeals from a trial court decision overruling his motion to withdraw his guilty pleas entered in Montgomery County Common Pleas Court Case No. 2011 CR 3212. In support of his appeal, Preston claims that he did not knowingly plead guilty, because he did not understand all aspects of his case nor what was discussed at the plea hearing. He contends that this is a reasonable and legitimate basis for the withdrawal of his pleas, and that the trial court erred when it concluded otherwise and overruled his motion to withdraw.

**{¶ 2}** We conclude that the trial court did not err in overruling Preston's motion to withdraw his guilty pleas, because the record establishes that Preston knowingly pled guilty. Furthermore, the record indicates that the trial court considered all nine factors that must be weighed when ruling on a motion to withdraw a plea, and that a majority of the factors weigh against permitting Preston to withdraw his pleas. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 3}** On February 3, 2012, the Montgomery County Grand Jury indicted Atravion Preston on three counts of Aggravated Burglary (physical harm), a felony of the first degree, three counts of Rape (by force or threat of force), a felony of the first degree, one count of Disrupting Public Services, a felony of the fourth degree, and one count of Receiving Stolen Property, a misdemeanor of the first degree. All of the Aggravated Burglary and Rape counts

included a three-year firearm specification.

{¶ 4}   Preston's case originated in the Juvenile Division of the Montgomery County Court of Common Pleas, and was later bound-over to the court's General Division.   During the juvenile court proceedings, Preston was represented by Elizabeth Scott, a criminal defense attorney hired by Preston's family.   Scott continued to represent Preston after his case was bound-over, and she negotiated a plea agreement with the State after his indictment.   The terms of the plea agreement required Preston to plead guilty to one count of Aggravated Burglary and one count of Rape as first degree felonies.   Pursuant to the agreement, Preston would also be subject to a prison sentence of ten to 12 years and be designated a Tier III Sexual Offender.   In exchange, the State agreed to dismiss all of the other counts and all firearm specifications.

1. The Plea Hearing

{¶ 5}   On March 29, 2012, Preston attended a plea hearing with his co-defendant, Allen Michael Turner.   Per the plea agreement, Preston pled guilty to one count of Aggravated Burglary and one count of Rape.   During the plea hearing, the trial court went over each term of the plea agreement and asked Preston if he understood the terms.   Preston indicated that he understood each term of the plea agreement.   Specifically, he indicated that he understood that he would be subject to a prison sentence of ten, 11, or 12 years, and that he would be designated a Tier III Sexual Offender.

{¶ 6}   Next, the trial court had the State read Preston the two charges to which he would be pleading guilty.   Thereafter, the court asked Preston if he understood the charges, and Preston indicated that he understood.   When the trial court informed Preston that the two

charges would not merge, Preston said that he did not understand the concept of merger. The trial court explained merger a second time, but Preston remained confused. As a result, the trial court allowed Preston's counsel to spend a few minutes discussing merger with Preston off the record. After the proceedings went back on the record, the trial court explained merger a third time, which resulted in the following discussion:

> THE COURT: Again, I want to make sure, Mr. Turner, Mr. Preston understand as part of the plea agreement, okay, part of the plea bargain and you both and your lawyers and the prosecutor, everyone's in agreement that the idea of merger of the two charges overlapping so that you only can be convicted, everyone is in agreement that does not apply here. The agreement is you can plead guilty and be found guilty of both the aggravated burglary and robbery. And the court can go ahead and impose a sentence for the aggravated burglary and the Court can impose a sentence for the aggravated – for the rape. So, do you understand that, Mr. Turner?
>
> MR. TURNER: Mm-hmm.
>
> MR. PRESTON: So, you're saying I can do 12 years on one charge and 12 years on another one?
>
> THE COURT: No, no, not two. The plea agreement is for two charges together. For both charges it will be 10, 11, or 12. That's

covering both charges. Do you understand that?

MR. PRESTON: Yes, sir.

THE COURT: Let me repeat it one last time so you understand, Mr. Preston. Under the plea agreement, the court will find you guilty of the rape charge and the Court will find you guilty of the burglary charge and you'll receive a prison sentence for the rape charge and for the aggravated burglary charge. Do you understand that?

MR. PRESTON: Yes.

THE COURT: Again, once again, the two sentences, total sentences will be 10, 11 or 12 okay? Is that right? Do you understand that?

MR. PRESTON: Yes.

Plea Hearing Transcript (Mar. 29, 2012), p. 11, ln. 19-25; p. 12, ln. 1-13.

{¶ 7} After thoroughly discussing merger and Preston's potential sentence, the trial court informed Preston that the rape charge would carry a mandatory sentence and explained the concept of mandatory sentences. Preston indicated that he understood what the court had said regarding the mandatory sentence. Next, the trial court explained the consequences of being designated a Tier III Sexual Offender, and Preston indicated that he understood the consequences. The trial court then informed Preston that he would be required to serve five years of post-release control, and explained what that entailed. Afterward, Preston indicated that he understood what the court had said regarding post-release control.

{¶ 8} Toward the end of the plea hearing, the trial court explained the effect of pleading guilty, and informed Preston of all the constitutional rights he would be waiving. Once again, Preston indicated that he understood what the trial court had said. Preston then asked a question about the mandatory rape sentence, which resulted in the following discussion.

MR. PRESTON: Yes. You said mandatory rape so you're saying if I get seven years for that, five years for that, I'm going to have to do the seven, right?

THE COURT: Yes, if that were the scenario. If you were to receive seven mandatory years. Court has no idea what the Court is going to do but, yes, the seven mandatory years is mandatory so you must do the mandatory years. And once you finish the mandatory, let me kind of add this possibility, too, and that is once you – so you have to do the mandatory time. There's no early release from prison while you're doing that mandatory year. Do you understand that, Mr. Preston?

MR. PRESTON: Yes.

* * *

THE COURT: So again, in this scenario that you've created, Mr. Preston, you have to serve the full seven years then begin to serve your mandatory [sic] years, the five years. At a certain point into that five years, because it's non mandatory, the same

thing would apply to you, Mr. Turner. You could file for what is called a motion for judicial release, early release from prison by the Court. So that if you file such a motion, then what would happen is, of course, you would give full input to the court, the prosecutor. The victim would give full input. There would be a report and recommendation and then at that point in time the Court would decide whether or not to grant such an early release from prison. Do you understand what I am saying, Mr. Preston.

MR. PRESTON: Yes.

Plea Hearing Transcript (Mar. 29, 2012), p. 21, ln. 22-25; p. 22, ln. 1-15; p. 23, ln. 5-23.

{¶ 9} After the discussion on mandatory sentences, Preston indicated that he had no other questions. The trial court then provided him with plea forms and gave him an opportunity to review them. Preston signed the forms, and indicated that he had no questions about the forms. Preston then verbally entered guilty pleas to the charges of Aggravated Burglary and Rape. The trial court asked whether his guilty pleas were being voluntarily made, and Preston did not understand the question. The court responded, "I want to make sure that no one is forcing you to plead guilty, no one is pressuring you to plead guilty. I want to make sure this is your decision and so, that's my question to you. Is this your decision to plead guilty?" *Id*. at p. 26, ln. 8-12. After the court's explanation, Preston indicated that it was his decision, and that no

one was forcing him to plead guilty. As a result, the trial court found that Preston's guilty pleas were knowingly and voluntarily made, and the court accepted the pleas.

{¶ 10} Shortly after entering his pleas, Preston retained a new trial counsel. On April 6, 2012, eight days after pleading guilty, he filed a motion to withdraw his pleas. Preston moved to withdraw his pleas on grounds that he did not knowingly plead guilty. Specifically, he claimed that he did not understand the nature of his offenses, his constitutional rights, and what he was doing at the plea hearing. Preston also argued that the victim was unable to identify him during the bind-over hearing in juvenile court, and that additional investigation was needed.

## 2. The Evidentiary Hearing

{¶ 11} On June 15, 2012, the trial court held an evidentiary hearing on Preston's motion to withdraw his pleas. Preston and his former trial counsel, Elizabeth Scott, both testified at the hearing. Preston testified that he wanted to withdraw his pleas, because he did not understand all aspects of his case at the time he entered his pleas. He also testified that he "was in a terrifying situation so [he] only understood 10 to12 years." Plea Withdrawal Hearing (June 15, 2012), p. 8 ln., 17-18. Additionally, he claimed that he asked questions during the plea hearing because he really did not understand the pleas. Furthermore, Preston testified that even when his trial counsel and the court answered his questions, he still did not understand what was going on.

{¶ 12} Scott, on the other hand, testified that she "had no reason to believe that [Preston] did not understand what was going on throughout the process." *Id.* at p. 45, ln. 24-25. She claimed that during her off record conversation with Preston at the plea hearing, she was satisfied that he understood what was going on. Additionally, Scott testified that she felt

satisfied that his questions were being answered by the trial court. Furthermore, on cross-examination, Preston testified that he could read, and that he was given the opportunity to read the plea forms prior to entering his pleas.

{¶ 13} The trial court also heard testimony regarding the quality of Scott's representation of Preston and her legal experience. Preston testified that Scott only met with him twice during the juvenile proceedings, and once for ten minutes prior to his plea hearing. Scott, however, testified that she met with him on more than 10 occasions, and that each meeting lasted approximately 45 minutes to one hour. Scott also testified that she has been an attorney for nine years, six of which, she served as a Montgomery County assistant prosecutor. As an assistant prosecutor, she was assigned to handle adult felony cases, including cases involving rape and aggravated burglary. She further testified that, for the past three years, she has been working as a criminal defense solo practitioner, and that she has had experience handling rape cases in that capacity.

{¶ 14} Lastly, the court heard testimony regarding the bind-over hearing that took place in juvenile court. Preston testified that he was present at the bind-over hearing, and that the victim did not identify him at the hearing. He also testified that he was present when a Miami Valley Regional Crime Lab expert testified that, to the exclusion of one in every 655,000 African American males, Preston was the source of semen found on the victim's underwear. Preston also admitted that the victim's laptop was found in his backpack a few days after the crime was committed. He also acknowledged that his co-defendant made statements implicating him in the crime.

{¶ 15} After reviewing all the evidence, the trial court overruled Preston's motion to

withdraw his guilty plea. On September 20, 2012, Preston was sentenced to three years for the Aggravated Burglary count and nine mandatory years for the Rape count. The sentences were ordered to run consecutively for a total prison term of 12 years.

{¶ 16} Preston appeals from the trial court's decision overruling his motion to withdraw his guilty plea.


**II. Did the Trial Court Err in Overruling**

**Appellant's Motion to Withdraw His Guilty Plea?**

{¶ 17} Preston's sole assignment of error is as follows:

The Trial Court Erred in Overruling Defendant's Motion to Withdraw Plea.

{¶ 18} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. In *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, we stated that:

Under [Crim.R. 32.1], a pre-sentence motion to vacate a guilty plea "should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527. Nevertheless, even under the pre-sentence standard, the right to withdraw a plea is not absolute and a trial court retains discretion to overrule a pre-sentence plea-withdrawal motion. *Id*. The pre-sentence standard, however, is far more lenient than the "manifest injustice" standard applicable to post-sentence motions. *State v. Fugate*, Montgomery App. No. 21574, 2007–Ohio–26, ¶ 10. *Simpson* at

¶ 7.

**{¶ 19}** Therefore, a trial court's decision to deny a motion to withdraw a plea will not be reversed absent an abuse of discretion. *State v. Minkner,* 2d Dist. Champaign No. 2006CA32, 2007-Ohio-5574*, ¶ 8, citing State v. Xie,* 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). "What constitutes an abuse of discretion in over-ruling a motion to withdraw a guilty plea will vary with the facts and circumstances of each case." *State v. Boyd*, 10th Dist. Franklin. No. 97APA12–1640, 1998 WL 733717, *4 (Oct. 22, 1998), citing *State v. Walton*, 2 Ohio App.3d 117, 119, 440 N.E.2d 1225 (10th Dist.1981). "We review the trial court's refusal to allow the withdrawal of [Preston's] plea in light of the nine factors set forth in *State v. Fish* (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788 * * *." *State v. Young*, 2d Dist. Greene No. 2003 CA 89, 2004-Ohio-5794, ¶ 10. The nine factors are as follows:

"(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea." *Id.* at ¶ 11, quoting *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995).

**{¶ 20}** "Consideration of the factors is a balancing test, and no one factor is conclusive."

*State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 13, citing *Fish* at 240. However, "[i]n reviewing these factors, it must be remembered that the ultimate question to be answered by the trial court is 'whether there is a reasonable and legitimate basis for the withdrawal of the plea,' * * * and the ultimate question to be answered by the court of appeals is whether the trial court abused its discretion in making this determination." *State v. Burns*, 12th Dist. Butler Nos. CA2004-07-084, CA2004-10-126, 2005-Ohio-5290, ¶ 25, quoting *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715.

**{¶ 21}** We will address each of the nine factors separately.

### 1. Was Appellant Represented by Highly Competent Legal Counsel?

**{¶ 22}** Preston's former trial counsel, Elizabeth Scott, testified that she has been practicing law for nine years. For six of those years she worked as an assistant prosecutor, and for the last three years she has been working as a criminal defense attorney. She also testified that she met with Preston on more than ten occasions, and that their meetings lasted approximately 45 minutes to one hour. The trial court found Scott's testimony credible, and concluded that she "provided [Preston] excellent representation." Decision and Entry Overruling "Motion to Withdraw Plea" (Aug. 27, 2012), Montgomery County Common Pleas Court Case No. 2011 CR 3212, Docket No. 36, p. 26. "In the course of our appellate review, we defer to the factfinder's assessment of credibility." (Footnote omitted.) *State v. Goney*, 2d Dist. Montgomery No. 22753, 2009–Ohio–4326, ¶ 25. As a result, the record indicates that Preston was represented by highly competent legal counsel. Accordingly, the first factor

weighs against withdrawing Preston's guilty pleas.

## 2. Was Appellant Given a Full Crim.R. 11 Plea Hearing?

### and

## 3. Was Appellant Given a Full Hearing on the

## Motion to Withdraw His Pleas?

{¶ 23}  Both of these factors are not in issue. Preston indicated in his brief that the trial court provided him with a full plea hearing and a full hearing on his motion to withdraw. Accordingly, the second and third factors weigh against withdrawing Preston's guilty pleas.

## 4. Did the Trial Court Give Full and Fair Consideration

## to Appellant's Motion to Withdraw His Pleas?

{¶ 24}  There is nothing in the record indicating that the trial court did not give full and fair consideration to Preston's motion to withdraw his guilty pleas.   In fact, the trial court issued a 41 page decision on the motion that discusses the evidentiary hearing and the plea hearing in depth.   Additionally, the decision includes thoughtful conclusions regarding each of the nine factors to be considered when ruling on a motion to withdraw a plea.   Accordingly, the fourth factor weighs against withdrawing Preston's guilty pleas.

## 5. Was the Motion to Withdraw Made

## Within a Reasonable Time?

{¶ 25}  Preston's motion was filed in a reasonably timely manner, because   the motion

was filed before sentencing, and only eight days after his pleas. *State v. Dorsey*, 6th Dist. Lucas No. L-09-1016, 2010-Ohio-936, ¶ 13 ("appellant timely filed his motion to withdraw his no contest pleas eight days after the trial court accepted the same."); *State v. Arden*, 4th Dist. Adams No. 543, 1993 WL 183496, *2 (May 20, 1993) (28 days between a plea and a motion to withdraw a plea is not an unreasonable length of time). As a result, the fifth factor weighs in favor of allowing Preston to withdraw his guilty pleas.

*6. Does Appellant's Motion Set Out Specific*

*Reasons for Withdrawal?*

and

*7. Did the Appellant Understand the Nature of the*

*Charges and the Possible Penalties?*

{¶ 26} Preston argues in his motion to withdraw that he lacked the requisite knowledge to enter his guilty pleas, because he did not understand the nature of his offenses, his constitutional rights, and what was going on at the plea hearing. In support of his argument, Preston points to the fact that he asked a lot of questions during the plea hearing, and concludes that this proves his lack of understanding.

{¶ 27} Indeed, the record establishes that Preston asked a lot of questions during the plea hearing; however, the trial court's responses to the questions were thorough, and Preston verbally confirmed that he understood the responses. The record also demonstrates that the trial court made every effort to ensure that Preston understood the plea process. The court provided thoughtful answers to every question asked by Preston, and repeated its answers multiple times

to ensure that Preston understood what the court had said. After the trial court gave in depth explanations, Preston verbally indicated that he understood what had been said. Specifically, he indicated that he understood the nature of the charges, the consequences of being convicted, his potential sentence, and the concepts of merger, mandatory sentences, and post-release control. He also indicated that no one was forcing him to plead guilty, and that he understood the constitutional rights he was waiving by pleading guilty.

{¶ 28} Furthermore, during the evidentiary hearing, Preston admitted that he understood that he would receive a penalty between ten and 12 years. Preston's former trial counsel also testified that she believes he had a satisfactory understanding of the proceeding. We further note that the record contains no evidence of a mental disorder or cognitive impairment that would have prevented Preston from understanding the plea proceeding. In fact, Preston testified that he could read, and that he was able to read the plea forms prior to signing them.

{¶ 29} For the foregoing reasons, the record demonstrates that Preston had a sufficient understanding of the nature of his offenses and the possible penalties. Accordingly, the sixth and seventh factors weigh against withdrawing Preston's guilty pleas.

*8. Is Appellant Not Guilty or Does He Have a*

*Complete Defense?*

{¶ 30} Preston claims that he has a defense to the charges against him, because the victim failed to identify him during the juvenile court bind-over proceeding. Preston, however, testified that he was aware of this fact before he pled guilty. Therefore, the fact that the victim did not identify him was not newly discovered information that would have changed his mind

about his pleas. We also note, that throughout the proceedings in this case, Preston never testified that he was innocent of the offenses. Additionally, the record indicates that there is ample evidence against Preston, including DNA evidence found on the victim's underwear, the victim's stolen laptop found in Preston's backpack, and the statements of his co-defendant claiming that Preston was with him during the crime. Accordingly, the eighth factor weighs against withdrawing Preston's guilty pleas.

*9. Will the State be Prejudiced by the*

*Withdrawal of the Plea?*

{¶ 31} Prejudice to the State "[g]enerally * * * involves one or more witnesses becoming unavailable due to the delay in the trial resulting from the plea withdrawal." *State v. Boyd*, 10th Dist. Franklin No. 97APA12–1640, 1998 WL 733717, *6 (Oct. 22, 1998). "The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 40. In *Zimmerman*, "mere days passed between the plea and the filing of the motion to withdraw", and as a result, the Tenth District would "not presume that * * * victims [had] become unavailable where it [had] not been demonstrated." *Zimmerman,* 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087 at ¶ 24.

{¶ 32} Furthermore, a mere statement by the prosecutor, which is unsupported by evidence in the record, is insufficient to demonstrate prejudice. *State v. Brown*, 10th Dist.

Franklin No. 01AP-983, 2002 WL 452603, *3-4 (March, 26, 2002) (the State's claim of prejudice due to witness unavailability was insufficient because "the record [did] not indicate who the witness was, what the witness' testimony would be or how essential the testimony was to the state's case" ).

{¶ 33}  In this case, the State contends that it will be prejudiced if Preston's plea is withdrawn, because the State has an interest in maintaining the finality of the conviction, and that it stands to expend considerable time and expense in relocating witnesses and arranging for their testimony.  In the State's brief and its Memorandum Contra Defendant's Motion to Withdraw Plea, the State claims that some of the witnesses have relocated, but there is no evidence of witness unavailability in the record.  Furthermore, the record does not indicate which witnesses have relocated, what their testimony would be, or how essential the testimony was to the State's case.  Additionally, the motion to withdraw Preston's guilty plea was filed only eight days after the plea hearing; therefore, the timing of the motion does not support the State's claim of prejudice.  Because the record contains no evidence of prejudice to the State, the ninth factor weighs in favor of withdrawing Preston's guilty pleas.

{¶ 34}  After considering the nine factors, we find that a majority of the factors weigh in favor of affirming the decision of the trial court.  While the lack of prejudice to the State and the timeliness of the motion factors weigh in favor of withdrawing the plea, these are only two of the nine factors to be considered.  Furthermore, the overall consideration is whether a reasonable and legitimate basis for the withdrawal of the plea exists.  Here, there is no reasonable and legitimate basis for withdrawing Preston's guilty pleas, because  the record establishes that he knowingly pled guilty.  Accordingly, the trial court did not abuse its discretion when it denied

Preston's motion to withdraw his guilty plea.

{¶ 35}   Preston's sole assignment of error is overruled.


### III.   Conclusion

{¶ 36}   Having overruled Preston's sole assignment of error, the judgment of the trial court is affirmed.


. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.




Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Lori R. Cicero
Hon. Dennis J. Langer