**[Cite as *State v. Candy*, 2020-Ohio-1401.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-16 |
| | : | |
| AARON T. CANDY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of April, 2020.

. . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

MICHAEL T. COLUMBUS, Atty. Reg. No. 0076799, 130 West Second Street, Suite 2103, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Aaron Candy appeals from his conviction following a plea of guilty to one count of felony nonsupport of dependents. Candy contends the trial court should have permitted him to withdraw his plea. He further contends trial counsel was ineffective with regard to Candy's motion to withdraw his plea. Finally, Candy claims that his plea was not made knowingly, voluntarily and intelligently. For the following reasons, the judgment of the trial court will be affirmed.

## I.     Facts and Procedural History

{¶ 2} On January 17, 2018, Candy was indicted on one count of nonsupport of dependents in violation of R.C. 2919.21(B), a felony of the fourth degree. The indictment was based upon allegations Candy had failed to pay child support from March 10, 2010 to May 26, 2012. A warrant was issued for Candy's arrest. The warrant was executed on April 5, 2018. Thereafter, Candy entered a plea of not guilty. He was granted an own recognizance bond and a pretrial conference was set for April 23, 2018. On April 20, 2018, Candy filed a motion to continue the pretrial conference, asserting he needed to travel to Texas and California in order to obtain documents from former employers that he claimed would demonstrate he had paid child support during the time period set forth in the indictment. The trial court granted the motion and rescheduled the pretrial conference for May 7, 2018. Following the pretrial conference, the trial court set a final pretrial conference for July 23, 2018 with trial to commence on August 7, 2018.

{¶ 3} On July 26, 2018, attorney Patrick Mulligan entered as substitute counsel for Candy and filed a motion for a continuance of trial. The trial court granted the motion and trial was rescheduled for October 10, 2018. On September 18, 2018, Candy filed

another motion seeking to continue the trial date. In the motion, Candy alleged he was incarcerated in Texas. The court denied the motion and issued a capias for Candy's arrest.

{¶ 4} Candy appeared before the court on December 27, 2018, at which time the parties indicated that a plea agreement had been reached. Candy agreed to plead guilty to the charged offense and to pay restitution in the amount of $4,689.17. The agreement provided the restitution had to be paid by the time of the sentencing. In exchange, the State agreed to recommend community control sanctions. The trial court conducted a Crim.R. 11 hearing and Candy entered a plea of guilty. Candy was granted another own recognizance bond and the matter was set for sentencing on February 7, 2019.

{¶ 5} On the date set for sentencing, Candy appeared with counsel and indicated he wanted to withdraw his plea. Counsel stated that he had met with Candy "several weeks ago" and Candy had expressed the desire to withdraw the plea. Tr. p. 3. Counsel further stated that he did not agree with such action and that he was "not willing to do that." *Id.* Counsel also stated: Candy believes he has "legal reasons not - - for the state not to be able to prosecute him. He also believes he has a defense in that he has paid child support pretty regularly since 2013 and that has been deducted from his pay for, I want to say, Darke and Montgomery County. For some reason, Miami County has managed not to be able to collect money but other counties have." *Id.* The trial court continued the matter in order to permit Candy time to file motions regarding withdrawal of the plea and substitution of counsel.

{¶ 6} On February 21, 2019, Mulligan filed a motion to withdraw the plea. The matter was set for a hearing on March 15, 2019. At the hearing, Mulligan appeared and

stated that he had spoken to Candy the prior evening at which time Candy informed him that he would not appear for the hearing. Mulligan also filed a motion to withdraw as counsel on that date. On March 19, 2019, the trial court denied the motion to withdraw the plea. On the same date, an order was filed permitting Mulligan to withdraw as counsel. Another order was entered revoking bond and issuing a capias for Candy's arrest.

{¶ 7} A sentencing hearing was conducted on July 26, 2019. Candy appeared with new counsel. The trial court imposed a prison sentence of 16 months. Candy appeals.

## II.      Withdrawal of Guilty Plea

{¶ 8} Candy's first assignment of error states:

THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WAS AN ABUSE OF DISCRETION.

{¶ 9} Candy contends his motion to withdraw his plea should have been granted.

{¶ 10} Crim.R. 32.1 states:    "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Nevertheless, the right to withdraw a plea is not absolute, and a trial court retains discretion to overrule a presentence motion to withdraw a plea.    *Id.*

{¶ 11} We review trial court decisions on motions to withdraw pleas for abuse of

discretion. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 12} This court has adopted nine factors to consider when evaluating whether a trial court has abused its discretion in overruling a presentence motion to withdraw a plea. *State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29. Those factors, which are set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), *overruled on other grounds, State v. Sims,* 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.), are:

> (1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea.

{¶ 13} None of these factors is accorded more weight than the others. *Warwix* at ¶ 30, citing *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. Instead, "[t]he ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.' " *Id.*, quoting *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715.

{¶ 14} In this case, the trial court discussed three of the above factors in reaching its decision to deny the motion to withdraw. First, the trial court found Candy was provided a full Crim.R. 11 hearing prior to entering his plea of guilty. The court further found Candy was aware of, and fully understood, the nature of the charges against him as well as the possible penalties and that Candy was "quite familiar with the criminal justice system as he has at least 29 criminal convictions in five different states, including two prior prison terms. Additionally, at least one of [Candy's] prison terms where he served 11 months was for the same offense he pled guilty to in this case."[1] Entry Denying Motion to Withdraw Plea. Finally, the trial court concluded Candy did not have a defense to the charge and that he further could not support the claim that he was not guilty of the charge. Importantly, the trial court noted that Candy was aware the plea agreement provided for the imposition of community control sanctions only if he paid the sum of $4,689.17 by the date of the sentencing hearing. As Candy did not make the required payment by the required date, the court found "[t]he only reasonable conclusion the Court can draw from the evidence before the Court is that the Defendant thought it was likely he would receive prison time as he had paid nothing toward the amount he

---

[1] The record indicates Candy also had unpaid accrued child support arrearages in Darke County and Montgomery County.

agreed to in order to be considered for community control." The trial court found no basis for granting the motion.

{¶ 15} We agree with the assessment made by the trial court. We further note two more factors are implicated herein: (1) Candy was represented by competent counsel, and (2) the record supports a finding that the trial court gave full and fair consideration to the motion to withdraw despite the fact that Candy did not appear. Thus, we conclude that the majority of the factors in *Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788, did not support the withdrawal of Candy's guilty plea.

{¶ 16} We further conclude the record does not establish that Candy had a reasonable, legitimate basis to withdraw his plea. The State submitted a child support audit for calendar years 2001 through February 28, 2019. The audit shows no child support payments were made during 2010, 2011 and 2012. The audit also showed that, as of December 2012, Candy's total child support arrearage, for Miami County only, was $26,122.07. Candy submitted no documentation to support his claim that he had paid support during the dates in question. The only documentation he provided to counsel was for payments made to other counties for different children.[2]

{¶ 17} Based upon this record, we conclude the trial court did not abuse its discretion in overruling Candy's presentence motion to withdraw his guilty plea. The first assignment of error is overruled.

### III.    Ineffective Assistance of Counsel

---

[2] Indeed, when Candy was ultimately sentenced in this case, he admitted that he had not made payments during the periods set forth in the indictment.

{¶ 18} The second assignment of error asserted by Candy states:

APPELLANT'S COUNSEL'S AFFIRMATIVE REPRESENTATION THAT HE DID NOT INTEND TO ADVOCATE FOR HIS CLIENT AND HIS DELAY IN PRESENTING APPELLANT'S MOTION TO WITHDRAW HIS PLEA RENDERED ASSISTANCE OF COUNSEL INEFFECTIVE.

{¶ 19} In this assignment of error, Candy asserts he was denied the effective assistance of counsel. Specifically, he claims Mulligan did not timely file the motion and did not otherwise effectively advocate for him with regard thereto.

{¶ 20} "Reversal of a conviction for ineffective assistance of counsel requires that the defendant show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 74, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689.

{¶ 21} Candy correctly notes that at the February 7, 2019 hearing, Mulligan informed the court that he did not agree with, nor wish to pursue, Candy's plan to attempt a plea withdrawal and that he might, therefore, be required to withdraw as counsel. However, Candy ignores the fact that two weeks later, Mulligan filed a motion to withdraw the plea which appears to accurately set forth Candy's claims in relation thereto. Further, Mulligan appeared at the March 15, 2019 hearing on the motion. Counsel's inability to present evidence was not due to any reluctance on his part, but rather was based upon the fact that Candy intentionally failed to appear and the fact that Candy had not provided

documents supporting his claims. It was not until this point that Mulligan filed a motion to withdraw as counsel.

{¶ 22} We note the trial court did not make any finding that the motion was untimely, thus this argument is unfounded. We also note that Candy did not express any dissatisfaction with counsel, nor did he seek to terminate Mulligan's representation or obtain new counsel at any point during the month between the February 7 and March 15 hearing dates.

{¶ 23} Further, Mulligan was able to negotiate a plea agreement providing for the imposition of one year of community control sanctions despite the fact that Candy was subject to a prison term of up to 18 months. *See* R.C. 2929.14(A)(4) and R.C. 2929.21. The agreement also permitted Candy to pay almost $600 less in restitution than the actual child support arrearage for the indicted period. Indeed, Candy's third attorney, who represented him during the sentencing, argued for the implementation of the plea agreement negotiated by Mulligan.

{¶ 24} Based upon this record, we find no support for the claim that counsel's representation fell below an objective standard of reasonableness. The second assignment of error is overruled.

### IV. Knowing, Intelligent and Voluntary Nature of Guilty Plea

{¶ 25} Candy's third assignment of error provides:

APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER HIS PLEA OF GUILTY

{¶ 26} Candy contends the trial court failed to inform him of the possible

consequences of violating post-release control and that his plea, therefore, was not knowingly, intelligently, and voluntarily entered.

**{¶ 27}** Due process mandates that a guilty plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Compliance with Crim.R. 11(C) ensures that a plea meets this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. Strict compliance with the Crim.R. 11(C)(2)(c) constitutional advisements is necessary to establish that a plea is consistent with due process. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 261, ¶ 18. But substantial compliance with the Crim.R. 11(C)(2)(a) and (b) non-constitutional requirements is sufficient to allow the conclusion that a plea is knowing, intelligent, and voluntary. Substantial compliance exists when the "totality of circumstances" permits the conclusion the defendant "subjectively understands" the non-constitutional plea requirements. *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E. 2d 474 (1990). "Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect." *State v. Jennings*, 2d Dist. Clark No. 2013 CA 60, 2014-Ohio-2307, ¶ 7, citing *Veney* at ¶ 17. "Prejudice in this context means that the plea would otherwise not have been entered." *Id.*

**{¶ 28}** In the instant case, the trial court advised Candy at the plea hearing that he could be required to serve a three-year period of post-release control. The trial court also informed him that violation of any of the conditions of such post-release control could

result in his return to prison for up to a maximum of half of his original prison sentence. The trial court further informed Candy that if a person violates post-release control by committing a new felony, the offender may be sentenced to a prison term, the maximum term being 12 months or the time remaining on post-release control, whichever is greater, to be served consecutively to any sentence imposed for the new felony.

{¶ 29} Despite these advisements, Candy claims his guilty pleas were not knowingly, intelligently, and voluntarily entered because "he did not understand and was not informed by counsel that he was subject to up [sic] punishment of up to fifty percent of his original sentence if he violated post-release control."   In support, Candy notes that when asked by the trial court whether he understood a violation of post-release control could result in imprisonment for up to a maximum of fifty percent of his prison sentence, he answered, "I do now."   Plea Tr. p. 8.

{¶ 30} A review of the record shows that, on the date of the plea, Candy executed a guilty plea form which clearly set forth an explanation of post-release control and the penalties for violations of the conditions thereof.   Both Candy and his attorney signed the form.   When asked by the trial court, Candy affirmed that he had read the form and discussed it with his attorney.   He further affirmed that he had no questions about the information set forth on the plea form or about any of the information provided by the trial court.

{¶ 31} The record affirmatively shows the trial court completely and properly explained that Candy could be subject to post-release control, the length of the possible post-release control as well as the punishments for violations of post-release control. Candy indicated he understood the trial court's explanation and that he had no questions

regarding the explanation.

**{¶ 32}** We have reviewed the entirety of the transcript and conclude the court engaged in a detailed plea colloquy that was sufficient to meet the requirements of Ohio Crim.R. 11. Candy responded appropriately to all questions asked throughout the plea colloquy, and there is no evidence in the transcript to indicate any confusion or misunderstanding on his part. Given this record, we cannot reach the conclusion urged by Candy. Accordingly, the third assignment of error is overruled.

## V.    Conclusion

**{¶ 33}** All of Candy's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Janna L. Parker
Michael T. Columbus
Hon. Stacy M. Wall