[Cite as *State v. Denney*, 2021-Ohio-798.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Craig R. Baldwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 20CA010 |
| BRENT A. DENNEY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common
Pleas, Case No. 18CRB322


JUDGMENT: Reversed and Remanded


DATE OF JUDGMENT ENTRY: March 15, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT K. HENDRIX                    DAVID M. HUNTER
ASSISTANT PROSECUTOR              244 West Main Street
164 East Jackson Street                 Loudonville, Ohio  44842
Millersburg, Ohio  44654

*Wise, John, J.*

**{¶1}** Defendant-Appellant Brent A. Denney appeals the decision of the Holmes County Court of Common Pleas denying his motion to withdraw guilty plea.

**{¶2}** Plaintiff-Appellee State of Ohio did not file a brief in this matter. Pursuant to App.R. 18(C), in determining the appeal, we may accept Appellant's statement of the facts and issues as correct, and reverse the judgment if Appellant's brief reasonably appears to sustain such action. *See State v. S.H.,* 5th Dist. Guernsey No. 10CA000023, 2010-Ohio-5741, ¶ 17; *State v. McLeod,* 5th Dist. Knox No. 2011-CA-22, 2012-Ohio-1797, ¶ 2. Therefore, we presume the validity of Appellant's statement of facts and issues.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** On October 7, 2019, the Holmes County Grand Jury indicted Appellant Brent A. Denney on one count of  Burglary, in violation of R.C. §2911.12(A)(2), with a Firearm Specification, in violation of R.C. §2941.141(A); one count of Grand Theft when the Property is a Firearm or Dangerous Ordinance, in violation R.C. §2913.02(A)(1), with a Firearm Specification, in violation of R.C. §2941.141(A); one count of Grand Theft of a Motor Vehicle, in violation of R.C. §2913.02(A)(1), one count of Theft, in violation of R.C. §2913.02(A)(1), and one count of Safecracking, in violation of R.C. §2911.31(A), with a Firearm Specification, in violation of R.C. §2941.141(A).

**{¶4}** On January 28, 2020, Appellant appeared in court and entered a plea of guilty, based upon plea negotiations, to Burglary, in violation of R.C. §2911.12(A)(2), with a Firearm Specification, in violation of R.C. §2941.141(A), and Grand Theft of a Motor Vehicle, in violation of R.C. §2913.02(A)(1). The remaining charges were to be dismissed by the State.

**{¶5}** The negotiated plea provided that Appellant agreed to "enter a plea of guilty to ... Burglary with a Firearm Specification … Grand Theft of a Motor Vehicle in violation of R.C. §2913.02(A)(1)." (January 28, 2020, T. at 2).

**{¶6}** In exchange for the State dismissing the remaining charges, Appellant agreed that he would "cooperate with all local, state and federal authorities, ... testify truthfully in all hearings and trials against all defendants and accomplices." A Joint Sentencing recommendation of four (4) years and eleven (11) months was also made on the condition that all the stolen firearms were recovered prior to sentencing as a result of Appellant's cooperation. (January 28, 2020, T. at 2).

**{¶7}** The trial court advised Appellant that "[i]f neither one of those two (2) things happen there's no agreement. So even your plea can be uh, the court would withdraw your plea based upon that notification and proof from the State of Ohio that you did not cooperate." (January 28, 2020, T. at 3).

**{¶8}** The trial court thereafter advised Appellant of his Constitutional Rights. (January 28, 2020, T. at 5-9).

**{¶9}** The matter was scheduled for sentencing at a later date and the trial court ordered a Pre-Sentence Investigation to be completed.

**{¶10}** On May 14, 2020, the parties appeared for sentencing. At that time the trial court was advised that "no weapons have been returned and the officer who did a diligent investigation in, in Richland County regarding the information given to him by Mr. Denny [sic] determined that the information was not accurate." (May 14, 2020, T. at 2).

{¶11} Counsel for Appellant requested a continuance of the sentencing so that Appellant could testify truthfully against his co-defendant. That request was denied. (May 14, 2020, T. at 2).

{¶12} The trial court stated, "What I told Mr. Malone was that, that I'm going to proceed to sentencing do you want to attempt to withdraw your plea that's fine uh, but I'm going to deny that motion but I'll let you state in the record why you want to do that ... " (May 14, 2020, T. at 2).

{¶13} Defense counsel indicated to the trial court that "Mr. Denny [sic] is requesting to withdraw his plea uh, the criminal rule [sic] say that it should be free of the granted [sic] the reason in this case is 1, Mr. Denny [sic] did try to get information that he had to get the firearms returned and 2. He would like to show the Court that when his co-defendant does go to trial if it proceeds to trial, he would testify uh, truthfully in that and we'd like to have the Court consider that at sentencing. So that is why he is requesting to withdraw his plea. He'd also like to be heard on why he wants to withdraw his plea Your Honor." (May 14, 2020, T. at 3).

{¶14} Appellant indicated to the trial court that he "would like a chance to withdraw my plea to actually um, I guess argue the charges themselves about (unintelligible) likely to present issues on the Burglary um, and the Theft." (May 14, 2020, T. at 4).

{¶15} The trial court denied the motion for withdrawal of the guilty plea. (May 14, 2020, T. at 4).

{¶16} The trial court then proceeded to sentence Appellant to six (6) years in prison on the Burglary charge, plus one (1) year in prison on the Firearm Specification,

eighteen (18) months on the Grand Theft of a Motor Vehicle charge, with the eighteen months to run concurrently. (May 14, 2020, T. at 9).

{¶17} Appellant now appeals, assigning the following error for review:

ASSIGNMENT OF ERROR

{¶18} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING."

I.

{¶19} In Appellant's sole assignment of error, he argues that the trial court erred in denying motion to withdraw his guilty plea made prior to sentencing. We agree.

{¶20} Crim.R. 32.1, which governs the withdrawal of a guilty plea, provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶21} While the rule establishes a fairly strict standard for deciding a post-sentence motion to withdraw a guilty plea, it provides no guidelines for deciding a presentence motion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

{¶22} The Ohio Supreme Court has stated pre-sentence motions to withdraw a guilty plea "should be freely and liberally granted." *Id.* at 584, 584 N.E.2d 715. That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.* The decision to grant or deny a presentence plea withdrawal motion is within the trial court's sound discretion. *Id.* An

abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *State v. Firouzmandi,* 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823, ¶ 54.

**{¶23}** "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus. The factors to be considered when making a decision on a motion to withdraw a guilty plea are as follows: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist. 2000), citing *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). No one *Fish* factor is absolutely conclusive. *Cuthbertson*, *supra*.

**{¶24}** "In considering these factors, the trial court employs a balancing test; no single factor is dispositive." *Warrix* at ¶ 30, citing *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. However, "[t]he ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.' " *Id.*, quoting *Xie* at 527. A change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his or her plea. *State v. Maddickes*, 2d Dist. Clark No. 2013-CA-7, 2013-Ohio-4510, ¶ 15. However, in

considering whether to allow withdrawal of the plea, it is not simply sufficient for the trial court to find that the Crim.R. 11 colloquy satisfied the requirements of that rule and the United States and Ohio Constitutions; if it were, even a presentence plea could never be withdrawn. *Id.*

**{¶25}** Here, the State has not claimed that it would be prejudiced by the withdrawal of the plea. We will not presume that the State will suffer any prejudice in the withdrawal of an offender's motion when the State fails to articulate any such prejudice. *State v. Bingham*, 2019-Ohio-3324, 141 N.E.3d 614, ¶ 13 (3d Dist.). Because the State failed to identify any prejudice it would suffer had the trial court granted Appellant's motion to withdraw, this factor weighs in favor of Appellant.

**{¶26}** Further, at the plea hearing, the trial court itself informed Appellant that it would withdraw the plea upon notification from the State of Ohio that Appellant had failed to cooperate with the terms as set forth in the plea agreement. (January 28, 2020, T at 3). We find that this factor also weighs in favor of Appellant.

**{¶27}** Additionally, we do not find that the trial court provided a meaningful hearing on Appellant's oral motion to withdraw his plea. At the beginning of the sentencing hearing, the trial court informed Appellant:

> THE COURT: Okay, alright and so uh, my understanding that your interpretation is that you want me to continue this case so you could show that you could truthfully testify against your co-defendant. What I told Mr. Malone was that, that I'm going to proceed to sentencing do you want to attempt to withdraw your plea that's fine uh, but I'm going to deny that motion but I'll let you state in the record why you want to do that uh, because

my understanding in the agreement and I totally agree with the State was that these weapons were the reason you were going to get leniency was by returning of these weapons. *** (May 14, 2020, T. at 2).

**{¶28}** The trial court never considered Appellant's motion, informing him that he was denying the motion before it even heard any argument in support of the motion. As a result, we find that Appellant did not receive the full extent of the hearing necessary to provide support for his motion or consideration of said motion. This factor, therefore, weighs in favor of Appellant.

**{¶29}** Upon review, in this case, we find the trial court abused its discretion in denying Appellant's motion which should have been freely and liberally granted, particularly under these circumstances.

**{¶30}** Appellant's sole assignment of error is sustained.

**{¶31}** The judgment of the Court of Common Pleas, Holmes County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, John, J.
Baldwin, P. J., and
Wise, Earle, J., concur.

JWW/kw 0310