[Cite as *State v. Davis*, 2015-Ohio-5196.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15CA6 |
| | : | |
| BRANDON DAVIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
of Common Pleas, Case No.
2014CR07040



JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:      December 10, 2015



APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

BAMBI COUCH PAGE                       JEFFREY P. URICH
RICHLAND CO. PROSECUTOR                P.O. Box 1977
38 South Park St.                      Westerville, OH 43086
Mansfield, OH 44902

*Delaney, J.*

{¶1}   Appellant Brandon Davis appeals from the January 6, 2015 Sentencing Entry of the Richland County Court of Common Pleas.  Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   The following facts are adduced from the trial court record, including the criminal complaint, affidavit, and police report filed in the Mansfield Municipal Court prior to bindover to the Richland County Court of Common Pleas.

{¶3}   On October 11, 2014, officers were dispatched to a residential address in Mansfield, Ohio, where they found the victim with blood on her shirt and a bloody nose. The victim and appellant have children together.   The victim told police she and appellant argued over photos she found on his phone.  Appellant had been drinking.

{¶4}   Appellant pushed the victim and punched her in the face.  When her 9-year-old son attempted to intervene, appellant pushed him onto a couch and threatened to "kick [his] ass."  The victim attempted to lock herself in the bathroom but appellant knocked the door off the hinges.  Police photographed the victim's apparent physical injuries.

{¶5}   The affidavit accompanying the criminal complaint states in part, "[Appellant] was convicted of Menacing M-4, where the Victim was a family or household member in 2008.  (2008CRB05450).  A felony Domestic Violence warrant was typed for [appellant], which was served on him at [the Richland County Sheriff's Office]."

{¶6} The file in the instant case contains a certified copy of the municipal court docket of case number 08CRB5450 indicating appellant was charged with domestic violence, a misdemeanor of the first degree pursuant to City of Mansfield Ordinance No. 537.14 on November 23, 2008. The named victim in the complaint is the same victim in the instant case.

{¶7} The charge was subsequently amended to menacing, a misdemeanor of the fourth degree pursuant to City of Mansfield Ordinance No. 537.06, and appellant entered a plea of guilty to the amended charge on February 3, 2009.

{¶8} In the case sub judice, appellant waived his right to a preliminary hearing in municipal court and was bound over to the Court of Common Pleas. On November 6, 2014, he was charged by indictment with one count of domestic violence, a felony of the fourth degree pursuant to R.C. 2919.25(A), "having been previously convicted of or pleaded guilty to one or more offenses of domestic violence or offenses of the type described in division (D)(3) of the Ohio Revised Code 2919.25 involving a person who was a family or household member at the time of the violation * * *." On December 15, 2014, appellant appeared before the trial court, withdrew his previously-entered plea of not guilty, and entered a plea of guilty to one count of domestic violence as charged, a felony of the fourth degree. The trial court continued the matter for sentencing pending pre-sentence investigation.

{¶9} Three days later, appellant filed a Motion to Vacate Plea stating his prior conviction was not a domestic violence offense because the victim in the 2008 case was not a "family or household member," therefore the offense in the instant case

should be a misdemeanor.[1]  Appellee responded with a motion in opposition stating the original offense in the predicate case was domestic violence against the same victim, although the offense was amended to menacing.    Attached to appellee's motion in opposition is the police report of the 2008 incident describing the incident and stating in pertinent part, "The victim and the suspect lived together for three years."

{¶10} Appellant appeared before the trial court on January 5, 2015.  The trial court overruled his motion to withdraw his guilty plea and sentenced appellant to a 4-year term of community control.

{¶11} Appellant now appeals from the trial court's Sentencing Entry of January 6, 2015 and incorporates the trial court's Judgment Entry of January 6, 2015 overruling his motion to withdraw his guilty plea.

{¶12} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE RESENTENCE MOTION TO VACATE GUILTY PLEA FILED BY DEFENDANT WHEN THERE WAS A FAIR AND JUST REASON FOR VACATING SAID PLEA."

{¶14} "II. TRIAL COUNSEL FOR DEFENDANT WAS INEFFECTIVE AND VIOLATED HIS 6TH AMENDMENT RIGHT TO EFFECTIVE COUNSEL AND FAIR TRIAL BY FAILING TO VERIFY, PRIOR TO DEFENDANT'S CHANGE OF PLEA HEARING, WHETHER THERE WAS A SUFFICIENT PREDICATE OFFENSE TO

---

[1] The police reports and affidavit in the instant case note appellant and the victim have children together, but the ages of the children are not in the record.  Nor does the record reveal whether the 9-year-old involved in this instance of domestic violence was appellant's child.

ELEVATE THE DOMESTIC CHARGE PENDING AGAINST DEFENDANT FROM A MISDEMEANOR LEVEL TO A FELONY LEVEL."

**ANALYSIS**

I.

{¶15} In his first assignment of error, appellant argues the trial court should have allowed him to withdraw his guilty plea. We disagree.

{¶16} Crim. R. 32.1 governs motions to withdraw guilty pleas and provides in pertinent part: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, however; a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Hamilton,* 5th Dist. Muskingum No. CT2008–0011, 2008–Ohio–6328, ¶ 32, citing *State v. Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

{¶17} The trial court's decision to grant or deny a motion to withdraw a guilty plea is vested within the sound discretion of the court, and will not be reversed by an appellate court unless the trial court abused its discretion. *Xie,* supra, at paragraph two of the syllabus. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶18} The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in reviewing a record of the hearing. *Xie,* supra, 62 Ohio St.3d at 525, citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶19} In reviewing a trial court's decision regarding a motion to withdraw a guilty plea, the court in *State v. Fish* set forth a non-exhaustive list of factors to be weighed. 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995). These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was possibly not guilty or had a complete defense to the crime. Id. In weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Davison,* 5th Dist. Stark No. 2008–CA–00082, 2008–Ohio–7037, ¶ 45, citing *State v. Kramer,* 7th Dist. Mahoning No. 01–CA–107, 2002–Ohio–4176, ¶ 58.

{¶20} In the instant case, appellant moved to withdraw his guilty plea in a summary motion stating, "[Appellant's] prior misdemeanor was not a Domestic Violence because the victim did not constitute as a family member (*sic*) under ORC 2919.25 and

therefore this case should be a misdemeanor. This information just came to Counsel's attention." Motion to Vacate Plea, Dec. 18, 2014. Subsequent oral argument on the motion focused on the status of appellant's relationship with the victim at the time of the 2008 offense; no evidence was taken but the trial court recited the 2008 police report stating that the victim and appellant had lived together for three years.

{¶21} R.C. 2919.25(D) provides for enhancement of the degree of a domestic violence offense based upon a defendant's prior convictions and states in pertinent part:

(D)(1) Whoever violates [R.C. 2919.25] is guilty of domestic violence, and the court shall sentence the offender as provided in divisions (D)(2) to (6) of this section.

(2) Except as otherwise provided in divisions (D)(3) to (5) of this section, a violation of division (C) of this section is a misdemeanor of the fourth degree, and a violation of division (A) or (B) of this section is a misdemeanor of the first degree.

(3) Except as otherwise provided in division (D)(4) of this section, if the offender previously has pleaded guilty to or been convicted of domestic violence, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to domestic violence, a violation of section 2903.14, 2909.06, 2909.07, 2911. 12, 2911.211, or 2919.22 of the Revised Code if the victim of the violation was a family or household member at the time of the violation, a violation of an existing or former municipal ordinance or law of this or any

other state or the United States that is substantially similar to any of those sections if the victim of the violation was a family or household member at the time of the commission of the violation, **or any offense of violence if the victim of the offense was a family or household member at the time of the commission of the offense**, a violation of division (A) or (B) of this section is a felony of the fourth degree * * *.  (Emphasis added.)

{¶22} In this case, appellant's prior conviction is of menacing, a violation of Mansfield Codified Ordinance 537.06.  Although the record and the parties' arguments are devoid of the text of this ordinance, it states:

(a)  No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family.  In addition to any other basis for the other person's belief that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediately family, the other person's belief may be based on words or conduct of the offender that are directed at or identify a corporation, association or other organization that employs the other person or to which the other person belongs.

(b)  Whoever violates this section is guilty of menacing. Except as otherwise provided in this subsection (b), menacing is a

misdemeanor of the fourth degree. If the victim of the offense is an officer or employee of a public children services agency or a private child placing agency and the offense relates to the officer's or employee's performance or anticipated performance of official responsibilities or duties, or, if the offender previously has been convicted of or pleaded guilty to an offense of violence, the victim of that prior offense was an officer or employee of a public children services agency or private child placing agency, and that prior offense related to the officer's or employee's performance or anticipated performance of official responsibilities or duties, menacing is a felony and shall be prosecuted under appropriate State law.

(c)   As used in this section, "organization" includes an entity that is a governmental employer. (ORC 2903.22)

{¶23} The ordinance is thus identical to the wording of R.C. 2903.22, menacing.[2] Menacing pursuant to R.C. 2903.22 is defined as an "offense of violence" in R.C.

---

[2] R.C. 2903.22, menacing, states:

(A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. In addition to any other basis for the other person's belief that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family, the other person's belief may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

(B) Whoever violates this section is guilty of menacing. Except as otherwise provided in this division, menacing is a misdemeanor of the fourth degree. If the victim of the offense is an officer or employee of a public children services agency or a private child placing agency and the offense relates to the officer's or employee's performance

2901.01(A)(9)(a). A conviction of Mansfield Codified Ordinance 537.06 is thus a "municipal ordinance * * * that is substantially similar to any of those sections" which enhances the penalty level of a future domestic violence charge "if the victim of the violation was a family or household member at the time of the commission of the violation." R.C. 2919.25(D)(1) and (D)(3).

{¶24} In the instant case, appellant does not indicate which of the *Fish* factors should have led the trial court to allow him to withdraw his plea. In fact, appellant acknowledges "[t]here is no indication that [appellant] was proclaiming his innocence of the offense—rather the issue was solely whether there was a sufficient factual basis (relating to the predicate offense) as to whether the domestic violence offense should have been charged as a misdemeanor instead of a felony." (Appellant's brief, 4.) The evidence before the court at the hearing on appellant's motion to withdraw his plea consisted of the police report of the 2008 incident stating "The victim and the suspect lived together for three years." The victim in the 2008 case is also the victim in the instant case. No additional evidence was taken to prove or disprove this statement, and we note appellant pled guilty to the amended charge of menacing and did not appeal from that conviction.

---

or anticipated performance of official responsibilities or duties, menacing is a misdemeanor of the first degree or, if the offender previously has been convicted of or pleaded guilty to an offense of violence, the victim of that prior offense was an officer or employee of a public children services agency or private child placing agency, and that prior offense related to the officer's or employee's performance or anticipated performance of official responsibilities or duties, a felony of the fourth degree.

(C) As used in this section, "organization" includes an entity that is a governmental employer.

{¶25} The evidence before the court in the instant case established the victim was a family or household member at the time of the 2008 offense. A "family or household member" includes a "person living as a spouse," which is a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question. R.C. 2919.25(F)(2).

{¶26} Appellant makes no further claim that any of the *Fish* factors are present. Because appellant's argument regarding the underlying menacing conviction is without merit, the trial court did not abuse its discretion in refusing to permit appellant to withdraw his plea of guilty.

{¶27} Appellant's first assignment of error is overruled.

II.

{¶28} In his second assignment of error, appellant argues he received ineffective assistance of counsel because trial counsel did not sufficiently investigate the circumstances of the underlying menacing conviction. We disagree.

{¶29} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might

be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶30} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶31} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. We have previously found an ineffective assistance claim is cognizable in regard to an attorney's performance in connection with a presentence Crim.R. 32.1 motion. *State v. Emerson*, 5th Dist. Richland No. 14 CA 79, 2015-Ohio-2121, ¶ 25.

{¶32} Appellant argues trial counsel was ineffective in failing to raise the "family or household member" issue with regard to the menacing conviction. As we have noted, the victim is the same victim in both cases. The parties have children together. The 2008 police report indicates at that point the parties had lived together for three years and the earlier offense was originally charged as domestic violence. Appellant has not revealed what evidence supports his allegation the same victim was not a "family or household member" in 2008.

{¶33} Additionally, in light of our decision supra that the menacing conviction does enhance the level of the instant offense, counsel did not err in failing to raise the

argument sooner. When the potential argument came to trial counsel's attention, the motion to withdraw guilty plea was filed. Entering a guilty plea waives all errors which may have occurred unless such errors prevented the defendant from entering a knowing and voluntary plea. *State v. Cvijetinovic,* 8th Dist. Cuyahoga No. 81534, 2005-Ohio-380, at ¶ 9, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, "[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is *not* sufficient to establish the requisite connection between the guilty plea and the ineffective assistance." *State v. Siler*, 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio-2326, ¶ 62, citing *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128. "Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." *State v. Dansby,* 5th Dist. Tuscarawas Nos. 2009AP120065 and 2009AP120066, 2010–Ohio–4538, ¶ 19.

{¶34} Appellant argues he was prejudiced because had counsel investigated the menacing conviction, the instant offense would be a misdemeanor and not a felony. The record does not support appellant's argument, which we have already determined is without merit. Counsel is not required to raise arguments without merit simply for the sake of placing them on the record to avoid a charge of ineffective assistance of counsel. See, *State v. Robinson*, 108 Ohio App.3d 428, 433, 670 N.E.2d 1077, 1080 (3rd Dist.1996). Nor does counsel's failure to raise weak arguments create a genuine issue of ineffective assistance. See, *State v. Allen*, 77 Ohio St.3d 172, 173, 672 N.E.2d 638, 639 (1996).

{¶35} We do not find appellant has demonstrated any deficiency in trial counsel's representation which would make appellant's plea involuntary. *State v. Ybarra*, 5th Dist. Licking No. 14-CA-8, 2014-Ohio-3485, ¶ 17-18. Appellant has not established that counsel erred, much less that any such error prevented the guilty plea from being knowing and voluntary.

{¶36} Appellant's second assignment of error is overruled.

## CONCLUSION

{¶37} Appellant's two assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J.

Baldwin, J., concur.