[Cite as *State v. Lewis*, 2021-Ohio-530.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  | JUDGES: |
|---|---|---|---|
| STATE OF OHIO | : | | Hon, W. Scott Gwin, P.J. |
| | : | | Hon. William B. Hoffman, J. |
| | Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | | : | |
| -vs- | | : | |
| | | : | Case No. 20 CAA 06 0025 |
| MARCUS LEWIS | | : | |
| | | : | |
| | Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:         Criminal appeal from the Delaware County
                                 Court of Common Pleas, Case No.19-CR-I-
                                 02-0135


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          February 25, 2021


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

MELISSA SCHIFFEL                           TODD WORKMAN
Delaware County Prosecutor                 WORKMAN LAW FIRM
JACQUELINE J. RAPIER                       Box 687
Assistant Prosecutor                       Delaware, OH 43015
145 North Union Street
Delaware, OH 43015

*Gwin, P.J.*

{¶1} Defendant-appellant Marcus Lewis ["Lewis"] appeals from the May 14, 2020 Judgment Entry of the Delaware County Court of Common Pleas overruling his motion to withdraw his negotiated guilty plea.

*Facts and Procedural History*

{¶2} On November 6, 2018, officers were dispatched to a fatal Fentanyl overdose of B.B. in Ashley, Ohio in Delaware County. Prior to the officers' arrival, B.B.'s girlfriend found him face down in the bathroom. The officers and coroner found drug paraphernalia around B.B.'s person. B.B.'s blood and urine tested positive for fentanyl.

{¶3} During the course of the investigation, it was revealed that B.B. purchased the drugs from Jamie Rhodes, who purchased the drugs from Samantha Marks and Jessica Metz, who purchased the drugs from Lewis.

{¶4} During this time period Lewis was being investigated by the Delaware County Drug Task Force. The Drug Task Force conducted trash pulls, surveillance, and ultimately interviews that led to a search warrant of the hotel in late November 2018. After the search warrant, Lewis was arrested and taken to the Delaware County Jail where he was interviewed by detectives with the Drug Task Force. The search warrant revealed numerous items of drug paraphernalia indicative of drug trafficking; however, no drugs were found. An eye witness at the jail observed Lewis flush drugs down the toilet that he took out of his rectum area. In his interview with law enforcement, Lewis admitted to being a drug trafficker, and to flushing drugs down the toilet at the jail.

{¶5} Lewis was indicted on February 28, 2019 and charged with Engaging in a Pattern of Corrupt activity in violation of R.C. 2923.32(A)(1), Involuntary Manslaughter in violation of R.C. 2903.04(A), two counts of Corrupting Another with Drugs in violation of R.C. 2925.02(A)(3), and Tampering with Evidence in violation of R.C. 2921.12(A)(1). On July 3, 2019, Lewis appeared before the court and entered not guilty pleas to the charges. [Docket Entry No. 11].

{¶6} Subsequently, Samantha Marks accepted an offer from the state for a reduction of her charges in exchange for her testimony against her co-defendants. *Judgment Entry Denying Defendant's Motion to Withdraw Plea,* filed May 14, 2020 at 3. [Docket Entry No. 90].   On February 4, 2020, the date scheduled for the trial of Lewis and Metz to begin, Jessica Metz accepted the same offer from the state. (Id.)  Lewis later came before the court on February 4, 2020 and entered negotiated guilty pleas to Counts One, Two, Five, and Six of the Indictment. On February 4, 2020, a five-day jury trial commenced against the remaining codefendant, Jamie Rhodes. *Judgment Entry Denying Defendant's Motion to Withdraw Plea,* filed May 14, 2020 at 8. [Docket Entry No. 90]. Jessica Metz and Samantha Marks testified against Rhodes. (Id.) Jamie Rhodes was acquitted of all charges. (Id.)

{¶7} On February 25, 2020, Lewis's trial counsel filed a motion to withdraw as counsel indicating that Lewis had expressed his desire to withdraw his negotiated guilty plea. [Docket Entry No. 70]. The court granted counsel's motion by Judgment Entry filed March 4, 2020. [Docket Entry No. 72]. The trial court appointed counsel to represent Lewis by Judgment Entry filed March 9, 2020. [Docket Entry No. 73].

{¶8}   On March 24, 2020, Lewis filed a motion to withdraw his negotiated guilty plea. An evidentiary hearing on the motion was begun on April 24, 2020. After the defense presented its case, the trial court adjourned the hearing.  The hearing on the motion was concluded on May 8, 2020.

{¶9}   Lewis's motion to withdraw his negotiated guilty plea was denied by Judgment Entry filed May 14, 2020. A sentencing hearing took place on May 27, 2020. Lewis was sentenced to seven years on Count 1, seven years on Count 2, 24 months of Count 5 and 24 months on Count 6.  The sentences were ordered to run concurrently, for an aggregate prison sentence of seven years.

### Assignment of Errors

{¶10} Lewis raises two Assignments of Error,

{¶11} "I. THE APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AND SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED BY TRIAL COUNSEL BASED UPON THE RECORD BEFORE THIS COURT.

{¶12} "II. THE DENIAL OF APPELLANT'S MOTION TO WITHDRAW HIS PLEA WAS AN ABUSE OF DISCRETION."

### I.

{¶13} In his First Assignment of Error, Lewis maintains that he was denied the effective assistance of counsel because Lewis did not have sufficient time, prior to the trial, to fully consider the pros and cons of entering a plea, nor to fully discuss the ramifications of entering a plea prior to trial that day.  Further, Lewis maintains counsel

had a duty to communicate with Lewis all the matters that would impact Lewis's trial. Specifically, Lewis maintains he was not aware of certain text messages that were supplied from the state to Lewis's attorney as part of the discovery materials.

**Standard of Appellate Review.**

{¶14} When a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658(1991).

{¶15} In *Hill v. Lockhart*, 474 U.S.52, 106 S.Ct. 366, 88 L.Ed.2d 203(1985) the Court noted:

> The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962)...Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). As we explained in *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), a defendant who pleads guilty

upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*" *Id.,* at 267, 93 S.Ct., at 1608.

*Hill,* 474 U.S. at 56-57, 106 S.Ct. at 369.

{¶16} The Court in *Hill*, *supra*, held that the two-part *Strickland v. Washington*, 466 U.S.668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984) test applies to challenges to guilty pleas based on ineffective assistance of counsel.  474 U.S. at 58, 106 S.Ct. 366, 88 L.Ed.2d 203.

{¶17} The first inquiry under *Strickland* is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136. 538 N.E.2d 373(1989).  In other words "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, *supra*, 474 U.S. at 59, 106 S.Ct. at 370.  However, a different outcome at the plea stage but for counsel's errors is constitutionally insignificant if the ultimate result that was reached was neither unfair nor unreliable.  *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct.838, 842(1993).

**Issue for Appellate Review:** *Whether there is a reasonable probability that, but for counsel's alleged failures, Lewis would have not have pleaded guilty and would have insisted on going to trial; and whether the ultimate result that was reached at the plea stage was unfair or unreliable.*

{¶18} The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

{¶19} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered

prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. *See, State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12.

{¶20} Further, evidence of a written waiver form signed by the accused is strong proof that the waiver was valid. *State v. Clark*, 38 Ohio St.3d 252, 261, 527 N.E.2d 844, 854(1988); *see North Carolina v. Butler*, 441 U.S. 369, 374-375, 99 S.Ct. 1755, 1758-1759, 60 L.Ed.2d 286, 293(1979); *State v. Dennis*, 79 Ohio St.3d 421, 425, 1997-Ohio-372, 683 N.E.2d 1096, 1102(1997). A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner,* 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266, ¶25.

{¶21} With respect to statements made during change of plea hearings, the United States Supreme Court has stated, "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Machibroda v. United States*, 368 U.S. 487, 497, 82 S.Ct. 510, 515(1962).

{¶22} In the case at bar, Lewis signed a four-page Criminal Rule 11(C) and (F)

plea form. [Docket Entry No. 65]. The trial court conducted a lengthy inquiry concerning each of Lewis's constitutional rights during the change of plea hearing on February 4, 2020. The trial judge gave Lewis several opportunities to ask questions or bring any concerns to his attention during the change of plea hearing. Lewis did not.

{¶23} At the hearing on his motion to withdraw his negotiated guilty plea, Lewis testify that he believed he was going to trial. However, on the morning of trial, his attorney informed him that Metz was planning to testify against him. Lewis claimed he had always believed that both Metz and Marks were going to testify against him, so this information was not news to him. Lewis testified that he discovered that text messages provided by the state to his attorney during discovery indicated that Lewis did not communicate by text with either Metz or Meeks on November 5-6, 2018, the dates of the drug transactions leading to B.B.'s death. Lewis testified that his attorney did not provide the text messages to him. According to Lewis this would prove his innocence of the involuntary manslaughter of B.B. Lewis conceded that his defense was to Count 2 and Count 3 only. *Transcript Change of Plea Hearing, Apr. 24, 2020* at 71-73. Although Lewis claimed to have additional text messages, Lewis did not submit any evidentiary materials or call any witnesses on his behalf during the motion to withdraw hearings.

{¶24} The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610(1983); *State v. Blankenship*, 102 Ohio App.3d 534, 657 N.E.2d 559(12th Dist. 1995); *State v. Burroughs*, 5th Dist. No. 04CAC03018, 2004-Ohio-4769 at ¶ 11. In the context of a motion to discharge appointed

counsel, the Ohio Supreme Court in *State v. Cowans*, 87 Ohio St.3d 68, 1999-Ohio-250, 717 N.E.2d 298(1999) noted:

> Even if counsel had explored plea options based on a belief that Cowans might be guilty, counsel's belief in their client's guilt is not good cause for substitution.  "'A lawyer has a duty to give the accused an honest appraisal of his case.  * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism.'" *Brown v. United States*, 264 F.2d 363, 369(U.S.App.D.C. 1959)(*en banc*),*cert. denied* 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262(1959),  *quoted in McKee v. Harris*, 649 F.2d 927, 932(2nd Cir. 1981).  "'If the rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice.'"  *McKee*, 649 F.2d at 932, *quoting McKee v. Harris*, 485 F.Supp. 866, 869(S.D.N.Y.1980).

*Cowans* 87 Ohio St.3d at 73, 717 N.E.2d at 304-305.

{¶25} In *Missouri v. Frye*, 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), the Supreme Court set forth a new standard to determine prejudice in context of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as it applies to plea offers and plea negotiations. In *Frye,* defense counsel allowed a plea offer to expire without communicating the offer to the defendant resulting in the defendant accepting a later offer that was less favorable. *Frye,* 466 U.S. at 139. The Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea...." 466 U.S. at 145, 132 S.Ct. 1399, 182 L.Ed.2d 674.  Given this duty, the Court emphasized that the right to effective assistance of counsel extends to the negotiation

and consideration of plea offers that have been rejected or have lapsed. 566 U.S. at 145, 132 S.Ct. 1399, 182 L.Ed.2d 379.

{¶26} The transcript of the plea hearing reflects that Lewis indicated in response to the court's questions that his pleas were voluntary, that he understood the nature of the charges and penalties, and the agreement concerning his pleas and sentence. The court further informed Lewis that a guilty plea is a complete admission of guilt, and that upon acceptance the court would proceed to judgment and sentencing. Finally, the record reflects that the court advised Lewis of each of his constitutional rights as set forth in Crim.R.11.

{¶27} The record affirmatively discloses that: (1) the guilty pleas were not the result of coercion, deception or intimidation; (2) Lewis's attorney was present at the time of the plea; (3) Counsel's advice was competent in light of the circumstances surrounding the plea (4) the plea was made with the understanding of the nature of the charges; and, (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both. *See, State v. Piacella,* 27 Ohio St.2d 92, 217 N.E.2d 852(1971), syllabus.

{¶28} As previously stated, this case was originally indicted on February 28, 2019. This was nearly a year prior to the final trial date and the date of his plea on February 4, 2020. The case was continued three times from the original trial date at the request of Lewis and once at the request of the state. As noted by the trial court in the Judgment Entry overruling Lewis's motion, approximately 2 1/2 hours passed after Lewis's trial was scheduled to begin before Lewis changed his pleas to guilty.

{¶29} Lewis confirmed the state's summary of the plea offer. The factual basis was entered on the record by the state for Lewis's guilty plea. Lewis agreed to these facts, and he confirmed that he wished to enter his pleas of guilty upon his own free will and voluntarily.

{¶30} The court next inquired of Lewis whether he felt he had sufficient opportunity to discuss the plea offer with his counsel, as well as whether Lewis had discussed any defenses available to him if he had decided to proceed to trial. Lewis affirmed that he had sufficient time to consult with counsel and discuss his case. Lewis confirmed that his counsel had answered each of his questions to his satisfaction. Lewis confirmed that he was satisfied with his counsel. *Transcript Change of Plea Hearing, Apr. 24, 2020* at 15. Lewis agreed that he read the written plea paperwork provided to the court, and his signature appeared on the written Rule 11(F) agreement and written guilty plea documentation filed in the case. (Id. at 21).

{¶31} In the case at bar, defense counsel negotiated a dismissal of Counts 3 and 4 of the Indictment. Counsel further negotiated a jointly recommended prison sentence of seven years for two felonies of the first degree and two felonies of the third degree. Lewis's trial counsel was obligated to communicate the plea offer to Lewis, which she did. Counsel was further obligated to give Lewis an honest appraisal of his case.

{¶32} We reviewed the transcript of the hearing at which the trial court conducted the plea colloquy required by Crim.R. 11 and determined that the court substantially complied with Crim.R. 11(C)(2)(a) and (b) and strictly complied with Crim.R. 11(C)(2)(c). The record supports that an extensive colloquy occurred.

{¶33} We find Lewis's suggestions that he did not understand his rights, that he

did not have sufficient time to consider a plea, or that his plea was involuntary to be unsupported by the record.

{¶34} Accordingly, Lewis is unable to demonstrate that he was prejudiced by defense counsel's performance. There is no evidence that indicates the result of the plea proceeding was unreliable or the proceeding was fundamentally unfair as a result of defense counsel's representation of Lewis.

{¶35} Lewis's First Assignment of Error is overruled.

II.

{¶36} In his Second Assignment of Error, Lewis argues that the trial court abused its discretion by denying his motion to withdraw his negotiated guilty pleas.

**Standard of Appellate Review.**

{¶37} Appellate courts review trial court decisions on motions to withdraw pleas for abuse of discretion. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. "An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

{¶38} The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in reviewing a record of the hearing. *State v. Xie*, 62 Ohio St.3d 521, 525, 584

N.E.2d 715 (1992), *citing State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

**Issue for Appellate Review:** *Whether the trial court's decision to overrule Lewis's motion to withdrawn his negotiated guilty pleas was clearly untenable, legally incorrect, or amounted to a denial of justice, or reaches an end or purpose not justified by reason and the evidence.*

{¶39} In evaluating whether a trial court has abused its discretion in overruling a presentence motion to withdraw a plea, this Court has adopted the following approach,

In reviewing a trial court's decision regarding a motion to withdraw a guilty plea, the court in *State v. Fish* set forth a non-exhaustive list of factors to be weighed. 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist. 1995) [*overruled on other grounds, State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379, 99 N.E.3d 1056]: These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was possibly not guilty or had a complete defense to the crime. Id. In weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v.*

*Davison, 5th* Dist. Stark No. 2008–CA–00082, 2008–Ohio–7037, ¶ 45, *citing State v. Kramer*, 7th Dist. Mahoning No. 01–CA–107, 2002–Ohio– 4176, ¶ 58.

*State v. Davis,* 5th Dist. Richland No. 15CA6, 2015-Ohio-5196, ¶19.

{¶40} "In considering these factors, the trial court employs a balancing test; no single factor is dispositive." *State v. Warrix*, 2nd Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 30, *citing State v. Preston*, 2nd Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. However, "[t]he ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.' " Id., *quoting Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715.

{¶41} While "a presentence motion to withdraw a guilty plea should be freely and liberally granted [,] * * * a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. X*ie, 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719 (1992).

{¶42} In his motion, Lewis only raised the following reasons for withdrawing his plea: "that his prior counsel failed to properly inform him of his rights and the ramifications of his plea," and whether or not Lewis was possibly not guilty of the charge or whether Lewis has a complete defense to the charges. *Motion to Withdraw Plea,* filed Mar. 24, 2020 at 3 [Docket Entry No. 76].

{¶43} In the case at bar, the trial court conducted an extensive evidentiary hearing over two-days, which Lewis presented neither witnesses nor documentary evidence in support of his contentions. The state presented the testimony of Samantha Marks, Jessica Metz and Detective Greg Bates. The state further presented the testimony of Marks, Meeks and Detective Bates from Jamie Rhodes's jury trial. State's Exhibits 4-7.

{¶44} Marks testified that in November 2018 she obtained drugs from "Duke," aka Lewis. *Transcript Continued Hearing on Defendant's Motion to Withdraw Plea,* May 8, 2020 at 19- 20. She further testified that it was more than likely she obtained drugs from Lewis on November 5, 2018. (Id.).

{¶45} Metz testified that she obtained drugs from Lewis on November 5, 2018. *Transcript Continued Hearing on Defendant's Motion to Withdraw Plea,* May 8, 2020 at 31-32. In fact, Meeks testified that she got all of her heroin from Lewis. (Id.). Metz further testified that the majority of the time conversations or discussion would go through Marks as far as any discussions with Lewis. (Id. at 34).

{¶46} Detective Bates testified he was investigating Lewis around November 12, 2018 during Bates's time with the Drug Task Force. *Transcript Continued Hearing on Defendant's Motion to Withdraw Plea,* May 8, 2020 at 39.

{¶47} Detective Bates testified concerning a drug overdose that occurred on November 16 or 17, 2018 at the motel the Drug Force was watching. Detective Bates was able to identify Lewis from a surveillance video as the person who brought the individual to the medic station. (Id. at 41-42).

{¶48} Detective Bates testified that Lewis admitted to smuggling 16 grams of heroin and a small amount of cocaine, or crack cocaine in his rectal area and attempting to flush the drugs down the toilet at the jail after his arrest. *Transcript Continued Hearing on Defendant's Motion to Withdraw Plea,* May 8, 2020 at 44-45. Detective Bates confirmed that an eyewitness had seen Lewis attempting to flush the drugs. *Transcript Continued Hearing on Defendant's Motion to Withdraw Plea,* May 8, 2020 at 44.

{¶49} Detective Bates further testified that Lewis admitted that he was trafficking drugs from the motel room. *Transcript Continued Hearing on Defendant's Motion to Withdraw Plea,* May 8, 2020 at 46.

{¶50} Lewis conceded at the close of the May 8, 2020 evidentiary hearing that his motion to withdraw his plea failed regarding Counts 1, 5, and 6. *Transcript Change of Plea Hearing, Apr. 24, 2020* at 71-73.

{¶51} In our disposition of Lewis's First Assignment of Error, we found the trial court conducted an adequate Criminal Rule 11(F) hearing on Lewis's plea, Lewis executed a written plea of guilty entry, the parties agreed to the terms on the record, the court engaged in a lengthy exchange with Lewis on the record ensuring that Lewis understood his rights, he could read and write English, his plea was voluntary, and he was satisfied with counsel and that Lewis agreed he had sufficient time to consider the plea. We further found that Lewis is unable to demonstrate that he was prejudiced by defense counsel's performance. There is no evidence that indicates the result of the plea proceeding was unreliable or the proceeding was fundamentally unfair as a result of defense counsel's representation of Lewis.

{¶52} Lewis's claims that he has a defense to the involuntary manslaughter charge are based upon mere speculation. Nor testimony or evidence was presented to support his contention.

{¶53} Based on the foregoing discussion, we find that the majority of the factors in *Fish,* 104 Ohio App.3d 236, 240, 661 N.E.2d 788, *overruled on other grounds, State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379, 99 N.E.3d 1056, do not support the withdrawal of Lewis's guilty pleas. In considering these factors, we further find the

record does not establish that Lewis had a reasonable, legitimate basis to withdraw his plea. The record indicates that the trial court considered Lewis's motion to withdraw his guilty plea under the applicable factors in reaching its decision. Therefore, the trial court did not abuse its discretion in overruling Lewis's presentence motion to withdraw guilty plea.

{¶54} Lewis's Second Assignment of Error is overruled.

{¶55} The judgment of the Delaware County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur