[Cite as *State v. Netherly*, 2026-Ohio-1008.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CA A 09 0074 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Delaware County, Case No. 25 CR I 03 0197 |
| IRA JAMES NETHERLY JR., | |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment:  March 24, 2026 |

BEFORE: Robert G. Montgomery, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES:  Melissa A. Schiffel (Delaware County Prosecuting Attorney) & Katheryn L. Munger (Assistant Prosecuting Attorney), Delaware, Ohio, for Plaintiff-Appellee; Christopher C. Bazeley, Cincinnati, Ohio, for Defendant-Appellant.

*Gormley, J.*

**{¶1}**  Defendant Ira Netherly appeals the judgment of the Court of Common Pleas of Delaware County denying his motion to withdraw his *Alford* plea.  He contends that the trial court should have allowed him to withdraw his plea and should have given him the opportunity to present his case to a jury.  Finding no error in the trial court's handling of Netherly's plea-withdrawal request, we now affirm.

**The Key Facts**

**{¶2}**  One day in March 2025, law-enforcement officers responded to a report of domestic violence.  When officers arrived at the scene, T.R. — an adult woman — told the officers that an altercation had occurred when she asked Netherly to leave her home. According to the account provided by T.R. to the officers that day, Netherly had knocked her down and had put pressure on her throat with his hands.  T.R. reported that she had

been unable to breathe and had nearly lost consciousness. Law-enforcement officers at the scene saw red marks on T.R.'s neck and bruises on her back.

{¶3} Netherly was indicted on one second-degree-felony charge of strangulation. Prospective jurors appeared at the courthouse on the day when Netherly's trial was to begin, and the State and Netherly's counsel began the process of selecting a jury. Before the jury-selection process had concluded, Netherly's counsel told the State that Netherly wanted to plead guilty.

{¶4} When Netherly expressed some reluctance about pleading guilty to the strangulation charge, the parties agreed that a plea to an amended charge of abduction — a felony of the third degree — would be acceptable to each of them. The State also agreed to dismiss two felony-level drug-related charges against Netherly in other cases and pledged to make no recommendation on an appropriate sentence for the abduction offense. Once the parties' agreement had been reduced to writing, the trial court held a plea-change hearing.

{¶5} At the plea-change hearing, Netherly expressed his concern about admitting guilt to the abduction charge. After the trial judge explained that Netherly could enter a plea without admitting guilt, Netherly entered an *Alford* plea to the charge. The trial judge then ordered a presentence investigation, and a sentencing hearing was scheduled for the following month.

{¶6} Several days before the scheduled date for the sentencing hearing, Netherly filed a motion to withdraw his *Alford* plea. The trial court held a hearing on the motion, denied the motion, and then sentenced Netherly to an 18-month prison term.

## The Trial Court Did Not Abuse Its Discretion by Denying Netherly's Motion to Withdraw His Plea

**{¶7}** In his sole assignment of error, Netherly argues that the trial court abused its discretion when it denied his motion to withdraw his plea.

**{¶8}** Crim.R. 32.1 provides for the withdrawal of a guilty or no-contest plea before a sentence is imposed. (Though this case involves a pre-sentence motion, we note that the rule of course also addresses post-sentence plea-withdrawal motions.)

**{¶9}** Although "a presentence motion to withdraw a guilty plea should be freely and liberally granted," a defendant is not afforded an "absolute right" to withdraw his or her plea. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). Before ruling on a presentence motion to withdraw a plea, the trial court is required to conduct a hearing "to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

**{¶10}** The determination whether there is a basis to withdraw the plea is within the sound discretion of the trial court. *Id.* at paragraph two of the syllabus. "Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." *State v. Barnes*, 2022-Ohio-4486, ¶ 13. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary[,] or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶11}** The following factors are typically considered by a trial court in making its decision on a motion to withdraw a guilty plea: (1) whether the State would be prejudiced by the withdrawal; (2) the adequacy of counsel's representation; (3) the adequacy of the Crim.R. 11 plea hearing; (4) the extent of the plea-withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) the timing of the motion to withdraw the plea; (7) the reasons for the motion; (8) the defendant's understanding of

the nature of the charges and the potential sentences; and (9) whether the defendant is alleging innocence or has a complete defense to the charge. *State v. Nicholson*, 2025-Ohio-1432, ¶ 25 (5th Dist.).

{¶12} "'In considering these factors, the trial court employs a balancing test; no single factor is dispositive.'" *State v. Lewis*, 2021-Ohio-530, ¶ 40 (5th Dist.), quoting *State v. Warrix*, 2015-Ohio-5390, ¶ 30 (2d Dist.). "The ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.'" *Warrix* at ¶ 30, quoting *Xie*, 62 Ohio St.3d at 527.

{¶13} Netherly acknowledges that he was represented by competent counsel throughout the trial-court proceedings, that the trial judge conducted not only a thorough plea-change hearing but also a full and fair hearing on his motion to withdraw his plea, and that he understood the charge against him and the possible penalties that he faced. In addition, the State acknowledges that Netherly's motion was filed prior to the sentencing hearing.

{¶14} Netherly's motion to withdraw his plea did not state any reason for the request. The trial judge held a hearing on the motion prior to sentencing and appears to have given full and fair consideration to Netherly's request to withdraw his plea. At that hearing, Netherly informed the trial judge that the reason he wanted to withdraw his plea was that he felt that he was innocent on the abduction charge. The trial judge discussed with Netherly that this was the same claim that he had made at his plea-change hearing several weeks earlier, and the judge noted that it was the apparent reason why he had been given the opportunity to enter an *Alford* plea that day. (Our review of the record from the plea-change hearing indicates that after being fully advised at that hearing about what an *Alford* plea is, Netherly had unequivocally stated on the record at that hearing

that even though he believed he had not committed the crime of abduction, he wanted to plead guilty rather than take his chances at a trial.)

{¶15} In weighing the factor of whether the defendant is possibly not guilty or has a complete defense to the crime, "'the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement.'" *State v. Davison*, 2008-Ohio-7037, ¶ 45 (5th Dist.), quoting *State v. Kramer*, 2002-Ohio-4176, ¶ 58 (7th Dist.). "It is well-established that a mere change of heart is an insufficient basis for withdrawing a guilty plea." *State v. Parker*, 2025-Ohio-457, ¶ 15 (8th Dist.).

{¶16} The record supports the trial judge's conclusion that Netherly's request to withdraw his plea reflected a mere change of heart about the plea deal. Netherly failed to present any evidence or argument in support of his innocence that was not already known and considered by him and his counsel at the time of the change-of-plea hearing. And despite his assertion that he did not believe he had committed the offense, at no point in either the plea-change hearing or the plea-withdrawal hearing did Netherly state any defense that he intended to present at trial.

{¶17} The trial judge also considered the prejudice to the State if Netherly were permitted to withdraw his plea. The attorneys' questioning of prospective jurors during the jury-selection process had already begun when Netherly reached a plea agreement with the State. Roughly 40 prospective jurors had appeared for the trial, and counsel for both parties had prepared for the trial and had subpoenaed witnesses. The record suggests, too, that the composition of the jury pool might have been a factor in Netherly's decision to forgo a trial.

**{¶18}** Notably, the State provided at the plea-withdrawal hearing some additional information establishing prejudice had Netherly's motion been granted. A prosecutor explained that in reviewing audio recordings of Netherly's recent phone calls from the county jail, the State had learned that Netherly was attempting to contact T.R. through another individual in hopes of perhaps convincing T.R. to exonerate him if she testified at a trial or encouraging her to disappear so that she could not be subpoenaed as a witness against Netherly. On the plea-change date when Netherly's trial had been scheduled to begin, T.R. had been a resident of a community-based correctional facility. In the weeks that followed as he awaited sentencing, Netherly evidently learned that T.R. was soon to be released from that facility. The jail recordings described by the State at the plea-withdrawal hearing captured a conversation in which Netherly could be heard asking another individual to contact T.R. through Facebook or by going to her apartment.

**{¶19}** Prejudice to the State can be established by showing that one or more of the State's witnesses has become unavailable due to a delay in a trial resulting from a plea change and then a plea withdrawal. *State v. Preston*, 2013-Ohio-4404, ¶ 31 (2d Dist.). *See also State v. Williams*, 2016-Ohio-4905, ¶ 18 (6th Dist.) (prejudice to the State where the prosecution must reinstate a case that it believed was resolved and for a second time convince witnesses to testify). "[A]lthough prejudice to the State is just one factor and not the deciding factor, it is nonetheless an 'important factor.'" *State v. Taylor*, 2025-Ohio-1454, ¶ 55 (8th Dist.), quoting *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist. 1995).

**{¶20}** The State presented compelling support for its view that Netherly's plea-withdrawal request was grounded in his belief that he could contact the recently-released-from-custody T.R. Netherly's stated reason for seeking to withdraw his plea — that he

was innocent of the charge — had been fully addressed at the plea-change hearing, and Netherly failed to offer at his plea-withdrawal hearing any new rationale for his request.

{¶21} After reviewing the record in this case, we find that nearly all of the typical factors considered by a trial court in making its decision on a motion to withdraw a guilty plea weighed in favor of denying the motion. Accordingly, we conclude that the trial court did not abuse its discretion when that court denied Netherly's motion to withdraw his plea.

{¶22} The judgment of the Court of Common Pleas of Delaware County is affirmed. Any costs are to be paid by appellant Ira Netherly.

By: Gormley, J.;

Montgomery, P.J. and

Popham, J. concur.